UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GEORGE K. PRINGLE, IV,

      Petitioner,

v.                                                            Case No.  4:18cv427-MW-CJK

STATE OF FLORIDA,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

      Before the court is a petition for writ of habeas corpus.  (Doc. 1).  The matter is referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  The undersigned concludes that this case should be dismissed without prejudice based on the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

## BACKGROUND AND PROCEDURAL HISTORY

      On February 28, 2018, the State of Florida filed an information charging petitioner with three crimes in Gadsden County Circuit Court Case No. 2018-CF-0005:  interception of oral communication; resisting a law enforcement officer with violence; and possession of drug paraphernalia.  (Doc. 1, App. A).  By order rendered June 29, 2018, the state trial court adjudged petitioner incompetent to proceed due

to mental illness as defined in section 916.106(11), Florida Statutes, stayed further proceedings, and committed petitioner to the Florida Department of Children and Families (DCF) as provided in section 916.13(1), Florida Statutes.  (Doc. 1, App. A).  In this habeas action, petitioner challenges his criminal prosecution and DCF commitment on the ground that the State of Florida and the state circuit court lacked jurisdiction to prosecute and commit him because (1) he was not charged by grand jury indictment; (2) he is a sovereign not subject to the State of Florida's jurisdiction; (3) he is imprisoned without having committed a crime.  Petitioner also claims he was denied due process in his criminal proceeding.   As relief, petitioner seeks discharge from confinement.

## DISCUSSION

Federal courts will not interfere with pending state criminal proceedings absent very narrow circumstances, pursuant to the *Younger v. Harris* abstention doctrine.  401 U.S. 37 (1971).  "Under *Younger v. Harris* and its progeny, federal district courts must refrain from enjoining pending state court proceedings except under special circumstances."  *Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1261 (11th Cir. 1997); *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 431 (1982) (describing *Younger* as reaffirming the "strong federal policy against federal-court interference with pending state judicial

proceedings."). "The policy of equitable restraint expressed in [*Younger* ] . . . is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1264 n. 7 (11th Cir. 2004). The exceptions to *Younger* are very narrow and apply only if: there is evidence of state proceedings motivated by bad faith, irreparable injury would occur, or there is no adequate alternative state forum where the petitioner's constitutional issues can be raised. *Id.* at 1263 n.6.

This case falls within the scope of *Younger*. It is clear from the face of the petition and attachments that proceedings in petitioner's criminal case are ongoing. The allegations of the petition do not suggest this case falls within any exception to *Younger*. Petitioner has not shown that the criminal proceeding was brought to harass him or was otherwise motivated by bad faith, or that the criminal statutes under which he is being detained are "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it," *Younger*, 401 U.S. at 53-54. Moreover, an adequate alternative state forum exists for petitioner to raise his claims, namely, an appeal of the order committing him to the custody of

DCF.[1]  *See Furqan v. State*, 91 So. 3d 913, 915 & n.1 (Fla. 2d DCA 2012).  For the foregoing reasons, this court should abstain from exercising jurisdiction over petitioner's claims.

Accordingly, it is respectfully RECOMMENDED:

1.  That the petition for writ of habeas corpus (doc. 1) be DISMISSED WITHOUT PREJUDICE based on the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 13th day of September, 2018.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Petitioner discusses the exhaustion requirement of 28 U.S.C. § 2254, and claims he exhausted his state court remedies by filing a petition for writ of habeas corpus in the Florida First District Court of Appeal.  (*See* Doc. 1 and App. B).  That proceeding, however, predated issuance of the order committing him to DCF.

*Case No. 4:18cv427-MW-CJK*

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.